BASCHAB, Judge.
The appellant, Edward D. Fountain, appeals from the circuit court’s order revoking his probation. On April 14, 2005, the appellant’s probation officer filed a “Petition for Revocation/Modification of Probation.” After conducting a revocation hearing, the circuit court revoked his probation. This appeal followed.
The appellant argues that the circuit court deprived him of his right to counsel. Specifically, he contends that the circuit court erred by not advising him of his right to request counsel to represent him during the revocation proceedings; that the circuit court did not make a determination as to whether he was entitled to counsel; and that he should have been represented by counsel because he made a colorable claim that he had not committed the alleged probation violations and be *331 cause he has been in and out.of institutions since he was eleven years old. Rule 27.5(a)(3), Ala. R.Crim. P., provides that, at the initial appearance, the circuit court shall
“[a]dvise the probationer of his or her right to request counsel and appoint counsel to represent an indigent probationer if the requirements of Rule 27.6(b) are met.”
Rule 27.6(b), Ala. R.Crim. P., provides: .
“The probationer is entitled to be present at the hearing and to be represented by counsel. Counsel will be appointed to represent an indigent probationer upon request:
“(1) If the probationer makes a col-orable claim that the probationer has not committed the alleged violation of the conditions or regulations of probation or the instructions issued by the probation officer; or
“(2) Even when the violation is a matter of public record or is uncontested, if there are substantial reasons that justify or mitigate the violation and that may make revocation inappropriate, and the reasons are complex or otherwise difficult to develop or present.”
In this case, the record does not specifically indicate that the circuit court advised the appellant of his right to request counsel during the revocation proceedings. At most, there is an entry dated April 20, 2005, on the case action summary sheet that states, “Requirements of Rule 27 A.R.Crim. P. complied with and hearing requested.” (C.R. 1.) However, the record does not indicate the specific requirements of Rule 27, Ala. R.Crim. P., to which the circuit court refers. Also, at one point during the revocation hearing, the appellant said, “I guess I need me a lawyer,” but the circuit court did not respond or address the issue. (R. 37.) Finally, in his “Motion for Rehearing,” the appellant asserted that the circuit court “erred in allowing an individual who legally has a mental impairment to represent himself.” (C.R. 12.)
In Evans v. State, 794 So.2d 1234, 1235-36 (Ala.Crim.App.2000), we stated:'
“On appeal, Evans argues that he was denied the assistance of counsel at his probation revocation hearing, because he says, he was not informed that he could be represented by counsel at that proceeding. ...
“We note initially that there is no automatic right to counsel in a probation revocation proceeding, and the right to counsel will be decided by the [circuit] court on a case-by-case basis. Law[ v. State, 778 So.2d 249 (Ala.Crim.App.2000) ].
““[A] [circuit] court’s failure to inform an accused of his right to request counsel is not necessarily fatal to its case. ‘Unless [the probationer’s] revocation proceeding was one wherein the actual appointment of counsel was necessary to satisfy applicable due process requirements of fundamental fairness, then he would not have been entitled to have his request for counsel honored and the mere failure to have informed him of the right to make such a request could not have harmed him.’ ” ’
“Law, 778 So.2d at 251 (quoting Kitchens v. State, 234 Ga.App. 785, 787, 508 S.E.2d 176, 179 (Ga.App.1998)).
“At the revocation hearing in the present case, Evans admitted that he had violated the terms of his probation. In addition, there is nothing in the record to support a'finding that there were substantial reasons justifying or mitigating the violation. Evans, therefore, has failed to show that he was materially *332 'harmed by the absence of counsel.- The failure to inform Evans that he could be represented by counsel was not reversible error.”
In this case, the appellant’s probation officer filed a “Petition for Revocation/Modification of Probation” in which he alleged that the appellant
“has violated the terms and conditions of his/her probation, in that he/she has committed the following new offense(s) and/or technical violation(s), to wit:
“1. FAILING TO ABIDE BY COMMUNITY . NOTIFICATION ACT (Moving Without Permission)
“2. FAILING TO AVOID INJURIOUS OR VICIOUS HABITS.”
(C.R. 3.) At the conclusion of the revocation hearing, the circuit court stated:
“Based on the evidence presented, the Court is reasonably satisfied that the probationer has violated the terms and conditions of his probation by failing to abide by the Community Notification Act and for failing to avoid injurious and vicious habit[s].”
(C:R. 41.) Finally, in its written revocation order, the circuit court stated:
“The probationer appeared before the court today in response to the probation officer’s petition for revocation/modification of probation. Said petition alleges that the probationer has violated the terms and conditions of his probation by failing to abide by the Community Notification Act (Moving Without Permission) and failing to avoid injurious or vicious habits. According to the testimony and other evidence presented, the court is reasonably satisfied that the probationer has violated the terms and conditions as alleged in said petition.”
(C.R. 7.)
During the revocation hearing, Sergeant Monte McGougin of the Escambia County Sheriffs Department testified that his duties included ensuring compliance with the Community Notification Act; that the appellant had a trailer at Blueberry Hill Trailer Park, but had been staying in an apartment that was inside the Brewton City Limits; that he had spoken to several people who had placed the appellant at the apartment; that he did not check the apartment to determine whether the appellant had any belongings there; that, pursuant to the Community Notification Act, a person changes residence if he stays at a residence approximately five days; that the appellant still had his trailer at Blueberry Hill Trailer Park; and that the appellant did not talk to him about changing his residence.
Voncile Bennett testified that she was the manager of the apartment complex where the appellant’s fiancee, Tara Reed, lived; that she had seen the appellant at the apartment complex; that the appellant was staying overnight at Reed’s apartment and residing there; that she had seen the appellant’s vehicle there; that other tenants had complained about noise coming from Reed’s apartment during the night; that the tenants said that they heard a man’s voice and a woman’s voice; and that the tenants had described the appellant. Also, the appellant’s probation officer, Tim Cook, testified that the appellant told him that he had been smoking crack cocaine for some time. Finally, the State introduced copies of envelopes from the Social Security Administration that were sent to Reed’s apartment and that were addressed to “TERESA DIANE REED FOR EDWARD DARRYL FOUNTAIN.”
During the hearing, the appellant presented evidence that he had not moved in with Reed; that he had visited Reed at her apartment; that Reed sometimes kept his vehicle; that his Social Security checks *333 were sent to Reed’s apartment because she was his “overseer” and was “over [his] check”; and that he had “a sickness” and was not able to do things for himself. (R. 27.) The appellant’s mother also testified that the appellant had been in and out of homes and institutions since he was eleven years old; that she did not know what the appellant’s diagnosis was; and that she had not been able to obtain the appellant’s diagnosis because “[fit’s got to be the judge or lawyer to release your mental health record.” (R. 40.)
Finally, the State’s “Petition for Revocation/Modification of Probation,” the circuit court’s statements at the conclusion of the revocation hearing, and the circuit court’s written revocation order do not indicate what conduct formed the basis for the charge of failing to avoid injurious or vicious habits. The State presented evidence that the appellant had admitted that he had smoked crack cocaine. However, the appellant testified that he did not remember admitting that he had used crack cocaine; that the probation officer had not given him a drug test; and that it was just his probation officer’s word against his. Moreover, based on his statements and questions during the revocation hearing, it appears that the appellant believed that this violation was based on the allegation that he had physically abused Reed.
Based on the record before us, we cannot conclude that the appellant did not have a colorable claim that he did not commit the alleged violations or that he did not have substantial reasons to justify or mitigate the violations. Therefore, we cannot say that not informing him of his right to request counsel to represent him during the revocation proceedings was harmless error. Accordingly, we must reverse the circuit court’s order revoking the appellant’s probation and remand this case to the circuit court for a new revocation hearing. In conducting the revocation hearing, we caution the circuit court to comply with the due process requirements set forth in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); and Rule 27, Ala. R.Crim. P.[1]
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB and SHAW, JJ., concur; WISE, J., concurs in the result.

. Because of our disposition of this issue, we pretermit discussion of the remaining issues the appellant raises in his brief to this court,